THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UFCW LOCAL 1546 WELFARE FUND,** ) <br> **UFCW LOCAL 1546 PENSION FUND, and** ) <br> **UFCW LOCAL 1546 MEDICAL CENTER,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **BBHM MANAGEMENT COMPANY, an** ) <br> **Illinois Corporation,** ) <br> ) <br> Defendant. ) | FILED: OCTOBER 27, 2008 <br> 08CV6133 <br> JUDGE LEINENWEBER <br> MAGISTRATE JUDGE BROWN <br> EDA |

# C O M P L A I N T

## Count I

Plaintiffs, UFCW LOCAL 1546 WELFARE FUND, UFCW LOCAL 1546 PENSION FUND, and UFCW LOCAL 1546 MEDICAL CENTER, by and through their Attorney, Robert B. Greenberg of Asher, Gittler, Greenfield & D'Alba, Ltd., complaining of Defendant, BBHM MANAGEMENT COMPANY, an Illinois Corp., allege as follows:

1. This action is brought under the provisions of Sections 502(g)(2), (a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. The UFCW LOCAL 1546 HEALTH & WELFARE FUND AND UFCW LOCAL 1546 PENSION FUND ("Funds") have been established pursuant to collective bargaining agreements heretofore entered into between the UFCW Local 1546 ("Union") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Funds' offices are located at 1649 West Adams Street, Chicago, Illinois 60612, and the Funds are administered in the Northern District of Illinois.

5. As provided in the Trust Agreement, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 7158 South Stony Island, Chicago, Illinois 60649.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

8. Plaintiffs are advised and believes that Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Funds pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

9. As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiffs may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to

provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

10.     Plaintiffs, in their behalf, and on behalf of all employees for whose benefit the Funds was established, has requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

11.     Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

12.     Defendant is delinquent to the Funds for the period January 1, 2005, through September 30, 2007, in the amount of $21,434.00 to the Welfare Fund, and $1,314.00 to the Pension Fund.

13.     Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement.  Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(g)(2, (a)(3) and 515 of the Employee Income Security Act of 1947 ("ERISA"), 29 U.S.C., Sec. 1132(g)(2), (a)(3), and 1145.

WHEREFORE, Plaintiffs pray:

(a)     That judgment enter in favor of Plaintiffs and against Defendant in the sum of $22,748.00.

(b)     That Plaintiffs be awarded their costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(c)     That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(d)     That Defendant be specifically ordered to furnish to Plaintiffs the required monthly contribution reports and payments due thereunder and to continue to perform all obligations on Defendant's part according the terms and conditions of its Collective Bargaining Agreement.

(e)     For such other and further relief as the Court may determine just and proper.

## Count II

Plaintiff, UFCW Medical Center, a corporation organized under the provisions of the Illinois Voluntary Health Services Act, 25 ILCS 165, by and through its Attorney, Robert B. Greenberg, of Asher, Gittler, Greenfield & D'Alba, Ltd., complaining of Defendant, BBHM Management Company, an Illinois Corporation, alleges as follows:

1.     This action is brought by UFCW Medical Center, a corporation, to enforce the terms of a certain collective bargaining agreement effective 11/1/2003, entered into between Defendant, BBHM Management Company (Moo & Oink) and United Food and Commercial Workers Local 1546 of the United Food and Commercial Workers International Union, AFL-CIO-CLC.

2.     That Plaintiff, UFCW Medical Center is a third party beneficiary of the aforementioned collective bargaining agreement as specifically provided in Article XIII and Article XXIII.

3.     That Article XXIII specifically provides that contributions from Defendant, BBHM, shall be made on behalf of its part-time employees in the amount of $40.00 per month.

4.     That Defendant, BBHM, is delinquent in its payments to the UFCW Medical


Center, in the amount of $46,310.00, through the date of September 30, 2007, as determined by the Medical Center's Auditors.

5.    That the UFCW Medical Center has made demands for payment of the delinquency to BBHM.

6.    That BBHM has failed and refused to satisfy its delinquency to the UFCW Medical Center.

WHEREFORE, UFCW Medical Center prays:

(a)    That judgment enter in favor of Plaintiff and against Defendant in the amount of $46,310.00.

(b)    That Plaintiff be awarded its costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement.

(c)    That pre-judgment interest be assessed against Defendant.

(d)    For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
(312) 263-1500
IL ARDC#: 01047558