# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6133 | **DATE** | 5/5/2011 |
| **CASE TITLE** | UFCW Local 1546 Welfare Fund et al. v. BBHM Mgmt. Co. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Petition for Attorney's Fees and Costs [50] is granted in part and denied in part. Defendant is ordered to pay $9,440 in attorney's fees, $9,500 in auditing expenses, $350 in costs, and $43,727.20 in interest to the Medical Center.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiffs move for attorney's fees, costs, and auditing fees pursuant to this Court's bench trial ruling on October 6, 2010.

### I. BACKGROUND

Plaintiffs Welfare Fund, Pension Fund, and Medical Center sued defendant BBHM under the Employee Retirement Income Security Act of 1974 ("ERISA") for failing to comply with the reporting and monetary contribution requirements of their collective bargaining agreement. This Court held a bench trial and issued its factual findings and ruling on October 6, 2010. This Court ruled in favor of the Medical Center on its claim in the amount of $46,310, ruled in favor of BBHM on its counterclaim against the Pension Fund in the amount of $10,814, and ruled against BBHM on its second counterclaim. Plaintiff was granted auditing fees of $9,500 and interest, liquidated damages, and attorneys' fees as submitted by Plaintiff in a request for fees. After a mistake was discovered in the judgment amount, it was modified to $44,388. Additionally, Plaintiff initially requested interest and liquidated damages, rather than the higher award of double interest to which it is statutorily entitled. *See* 29 U.S.C. § 1132 (g)(2)(c). After much back-and-forth involving the judgment amount and the amount of interest due, Plaintiff ultimately submitted a request for $55,153.48 in double interest per the statute. Plaintiff also seeks $20,960 in attorney's fees, $350 in costs, and requests that the auditing fees be adjusted upward to $19,000.

BBHM responded to this petition by arguing that: (1) the fees should be limited to those incurred by the only plaintiff to receive a judgment (the Medical Center); (2) the attorneys' fees should be reduced due to unreasonable time spent on legal research; and (3) the auditing fee should not be altered. BBHM has also challenged the accuracy of the interest calculations.

### II. LEGAL STANDARD

If a judgment is awarded in favor of a plan, ERISA provides that a court shall award the plan (1) unpaid

contributions; (2) interest on the unpaid contributions; (3) the greater of interest on the unpaid contributions or liquidated damages; (4) reasonable attorney's fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate. *Moriarty v. Svec*, 429 F.3d 710, 720 (7th Cir. 2005). The starting point to determine a reasonable attorney's fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Anderson v. AB Painting and Sandblasting*, 578 F.3d 542, 544 (7th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This "lodestar" figure can then be adjusted based on a variety of factors outlined in *Hensley*, including: (1) the time and labor required; (2) the difficulty and novelty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 544 n.1. Many of these factors are subsumed within the initial calculation of a reasonable attorney's fee. *Id.* at 544. In a situation in which the plaintiff achieves only partial success, the plaintiff is not entitled to be reimbursed for attorney's fee allocable to claims on which it has lost. *Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1988).

## III. ANALYSIS
### A. Attorney's Fees

Plaintiff's petition for attorney's fees shows that it has billed for 70.5 hours of service by attorney Robert B. Greenberg and 85.75 hours by a law clerk, Daniel Kaspar. Greenberg's services were charged at the rate of $200 per hour, and Kaspar's at the rate of $80 per hour. Plaintiff asserts that this hourly rate is consistent with the rates charged to other clients of the firm and that awarded to attorneys with comparable experience practicing in the Northern District of Illinois. Defendant contends that a reduction in the amount of attorney's fees requested is necessary to reflect the fact that only one of the three plaintiffs prevailed and the fact that the Court granted BBHM's counterclaim against the Pension Fund in the amount of $10,814. The two-count complaint sought relief in favor of the UFCW Local 1546 Welfare Fund and Pension Fund in Count I, and the Medical Center in Count II. Ultimately, the Court granted judgment only on Count II of the complaint, finding in favor of the Medical Center, and, by extension, the Dental Center.

As an initial matter, the court finds that the hourly rates charged for Greenberg and Kaspar's services are reasonable. Defendant does not specifically challenge these rates, and Greenberg has supported them via affidavit as being similar to that charged by his peers in similar cases. As such, taking into account the *Hensley* factors, the hourly rates will be allowed. *See Misch v. Piping Technologies North, Inc.*, 06 C 425, 2010 WL 535713, at *1 (N.D.Ind. Feb. 4, 2010) (awarding hourly rate of $200 in similar case).

Defendant argues that the amount of fees requested by Plaintiff was not reasonable and takes issue with several items in particular: (1) 27 (actually 25) hours spent by Kaspar researching "contract interpretation standards for collective bargaining agreements"; (2) 9.5 hours spent by Kaspar researching "cases for ER overpayment and Fund responsibilities"; and (3) 6.5 hours spent by Kaspar in conferences with Plaintiff's counsel about Defendant's motion for summary judgment. The Court finds that the amount of time spent on these tasks was excessive even though they were performed by a law clerk. As such, it will cut the number of hours billable for research on contract interpretation standards to 8 hours, on ER overpayment and fund responsibilities to 5 hours, and on conferences discussing summary judgment to 2 hours. This reduces Plaintiff's recoverable fees to $18,880.

However, the main issue in regard to attorney's fees is how this Court should address the fact that Plaintiff's

claim was only partially successful. Plaintiff argues that no fee reduction is warranted because the "all the time expended in the action by counsel in pursuing its complaint against the Defendant required an expenditure of time and effort by Plaintiffs' Counsel on behalf of the prevailing Plaintiff, the Medical Center, and was not in any way diminished by the fact that the other two Plaintiffs did not receive judgment in their favor." As noted above, a plaintiff may not recover fees pursuing unsuccessful claims which are unrelated to those upon which the plaintiff prevailed. This is because when claims are brought based on different facts and legal theories, "work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" *Hensley*, 461 U.S. 424, 434–35 (quoting *Davis v. County of L.A.*, No. 73-63, 1974 WL 180, at *3 (C.D. Cal 1980).

Here, the claims in Counts I and II were separate, and counsel for Plaintiff has not argued that his success on Count II was somehow tied to his efforts to prosecute Count I. Nor has counsel made any attempt to separate out the work he did for the Medical Center's claim from the work related to Count I. As such, the Court will allow Plaintiff to recover only half the fees requested above, with the reductions noted. This amounts to $9,440. An argument could be made that Plaintiff should be allowed to recover only one-third of the attorney fees, since only one of the three plaintiffs prevailed. However, the Court views Count I as a single unsuccessful claim for relief and finds that it would be unfair to allow Plaintiff's counsel to collect only one-third of his fees, given that there likely was some overlap between the work done in relation to Count I and Count II.

As to the auditing fees, the $28,500 bill from Legacy Professionals, LLP clearly allocated $9,500 of the cost to each entity. As such, the Court reaffirms its earlier ruling that Plaintiff may recover only $9,500 in auditing costs. Plaintiff also is awarded $350 in costs.

### B. Double Interest

The Court notes with some frustration that what should have been a simple exercise of the Plaintiff submitting a calculation of the interest due on the unpaid contributions has involved a regrettable amount of back-and-forth between the parties and requests for clarification from the court. Even with its most recent submission, Plaintiff appears to be requesting interest on amounts other than the judgment amount, without explaining its reasons for doing so.

As best the Court can determine from the figures submitted by the Plaintiff, the Medical Center is entitled to $16,938.25 in interest and the Dental Center was entitled to $4,925.35, for a total of $21,863.60. Doubled, as it must be statutorily under 29 U.S.C. § 1132 (g)(2)(c), this amounts to $43,727.20.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff is awarded $9,440 in attorney's fees, $9,500 in auditing expenses, $350 in costs, and $43,727.20 in interest.